jar

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARK JOEL HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-4083-JAR |
| | ) | |
| JOHN  LAMB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER OF DISMISSAL</u>

This action commenced on July 27, 2006, when Mark J. Hunt filed a "Complaint Under the Civil Rights Act, Title 42 U.S.C. § 1983" against five named defendants and "John Doe #1" for violation of his civil rights.  Plaintiff filed this action *pro se* and Magistrate Judge James P. O'Hara has granted his motion for leave to proceed *in forma pauperis*.  (Doc. 5.)  The five named defendants, all of whom were named in their individual and official capacities are: John Lamb, Regional Director of the Department of Corrections for the State of Kansas; Francheska Lamb, a Juvenile Division Detective for the Topeka Police Department; Linda R. Mitchell, "a practicing lawyer in the state of Kansas and an officer of the court"; Jean Schmidt, a Shawnee County District Court Judge; Lori L. Yockers, an Administrative Hearing Officer for the Shawnee County District Court; and Paul M. Gonzales, a Major of the Kansas Army National Guard 169th Combat Support Battalion.

*Facts*

The Complaint essentially alleges that the defendants, in their official and individual capacities, violated plaintiff's civil rights through "gross, malicious, abuse of power" in Shawnee

County District Court Case No. 94D1144.  That action was the divorce proceeding of plaintiff and defendant Francheska Lamb (formerly Francheska Hunt), who is now married to defendant John Lamb.  Plaintiff alleges that these two defendants made false accusations against him, retaliated against him, and abused their official positions to interfere with his employment, his custody of his minor children and his enlistment in the Kansas Army National Guard.  Plaintiff claims that these two defendants conspired with the other defendants to violate his rights.

Most of plaintiff's Complaint focuses on the dispute or litigation between he and defendant Francheska Lamb over child custody.  The Complaint alleges that defendants John and Francheska Lamb have violated his civil rights by making false accusations and retaliating against him; and that the Lambs, the state court judge, an administrative hearing officer and a lawyer involved in the divorce have committed criminal acts against him through the actions they have taken in the divorce and child custody proceeding.  Indeed, this Court has seen many of these allegations before, as plaintiff removed he and Francheska Lamb's divorce action, Case No. 94D1144, to this Court in May 2004; and this Court remanded that action back to the District Court of Shawnee County Kansas.[1]

This Complaint further raises allegations that defendant Gonzales, a major in the Kansas Army National Guard, listed plaintiff as being AWOL, "stopped all payroll" of plaintiff, rescinded orders for plaintiff to go to Iraq, and caused plaintiff to be discharged from the Army National Guard.  It is unclear how these allegations are related to plaintiff's divorce and child

---

[1]*See Lamb v. Hunt*, Case No. 04-4047-JAR, 2005 WL 3084896 (D. Kan. Nov. 16, 2005).  This Court had originally dismissed the removed action *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Hunt appealed and the Tenth Circuit Court of Appeals held that this Court had no jurisdiction over Hunt and Lamb's child custody dispute and thus could not dismiss the action, but could only remand it back to state court.  *Hunt v. Lamb*, 427 F.3d 725 (10th Cir. 2005).

custody matters; the Complaint vaguely alleges that defendants John and Francheska Lamb have "interfere[d] with his enlistment with the US Army Guard."

### Pro Se Litigant Standard

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[2]  Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[3]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[4]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[5] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[6]

Construing the Complaint with the above standards in mind, this Court notes that the Complaint is largely in the nature of a collateral attack on the state court's rulings in child custody and child support matters.  In fact, the Complaint prays for relief in the form of: "restitution" in the amount of $50 million; a "permanent injunction against all the defendants"; "the seizure of Mitchell's bond"; removal of Judge Schmidt and hearing officer Yockers; a "full

---

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *Id.*

[4] *Id.*

[5] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

3

criminal investigation" into these matters; and "an immediate stay of execution of support until this matter is resolved."

***Dismissal Under 28 U.S.C. § 1915(e)***

Section 1915 applies to actions, such as this, that are filed *in forma pauperis*. Subsection (e)(2)(B) provides for dismissal of such actions if the court determines that "the action or appeal . . . (ii) fails to state a claim on which relief may be granted."[7] Section 1915(e)(2)(B)(ii) squarely applies to this case, for the Complaint fails to state a claim against any of the defendants. First, as the Tenth Circuit ruled in *Lamb v. Hunt*, Case No. 04-4047, this Court has no subject matter jurisdiction of divorce and child custody proceedings.[8] Furthermore, as this Court ruled in that prior case, the *Younger* abstention doctrine precludes this Court from enjoining pending state court proceedings, including a stay of execution of attempts to garnish him for court ordered child support. As the Supreme Court stated in the seminal *Younger v. Harris*[9] case,

> *Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court.[10]

*Younger* abstention "is the exception, not the rule."[11]

In determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court

---

[7] 28 U.S.C. § 1915(e)(2)(B)(ii).

[8] *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005).

[9] 401 U.S. 37 (1971).

[10] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[11] *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)).

4

provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[12]  Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain.[13]

There are pending matters relating to child custody and support.  In fact, the Complaint alleges that on February 2, 2006, Hunt filed a Notice of Appeal to the Kansas Court of Appeals concerning these matters.  Moreover, these are matters involving important state interests; in fact there is no federal jurisdiction over such domestic relations matters because these are matters of state law.  To the extent plaintiff's Complaint can be read to include civil rights claims against the Lambs, those claims can be heard in the state court, particularly since all claims seem to be related to the dispute over child custody and support.  Plaintiff seems to claim that Francheska Lamb, who is a police detective, and her current husband, John Lamb, who is "Director of the Parole Division for the Northern and Eastern sections of the State of Kansas" violated his civil rights in making false statements and making false claims against him, and in retaliating against him.

The Court notes that the *Younger* abstention doctrine does not apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can

---

[12]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatulla v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted)).

[13]*Id.* (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989).

be shown."[14]  But Hunt's allegations of false accusations, civil rights violations and retaliation simply do not meet "the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."[15]  On the record before this Court, there is no evidence that any exceptions to the *Younger* doctrine apply.  Thus, *Younger* requires dismissal of this action.

Furthermore, to the extent that the Complaint can be construed as making a claim against an official of the Army National Guard for wrongful discharge, this Court lacks jurisdiction. Since the Complaint seeks no relief against defendant Gonzalez of the Army National Guard, other than a "permanent injunction against all the defendants," it is unclear what claim is made against  defendant Gonzalez.  But construing the Complaint liberally, it appears that there is a claim that plaintiff's civil rights were violated through a wrongful discharge from National Guard service.   In *Martelon v. Temple*,[16] the Tenth Circuit held that § 1983 does not create a right of action, for monetary or injunctive relief by a national guard member against his or her military superiors for wrongful termination.  The nonjusticiablity of such a claim emanates from the *Feres* doctrine.[17]

---

[14]*Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Younger*, 401 U.S. at 54 (creating exception on "showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief."); *Phelps v. Hamilton*, 59 F.3d 1058, 1066–68 (10th Cir. 1995) (analyzing exceptions).

[15]*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Phelps*, 59 F.3d at 1066).

[16]747 F.2d 1348, 1350–51 (10th Cir. 1984), *cert. denied*, 471 U.S. 1135 (1985).

[17]*Feres v. United States*, 340 U.S. 135 (1950) (holding United States not liable under the Federal Tort Claims Act for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.").  The *Feres* doctrine has been extended to claims brought under 42 U.S.C. § 1983.  *See also United States v. Stanley*, 483 U.S. 669, 676 (1987) (holding *Feres* doctrine precludes *Bivens* claims against a federal official for injuries that arise out of or are in the course of activity incident to military service, absent a statute authorizing such relief); *Chappell v. Wallace*, 462 U.S. 296, 305 (1983) (explaining military personnel may not bring a *Bivens* type action for damages against their superior officers for alleged racial discrimination in their assignments and evaluations).

With respect to the claims against defendants Schmidt, Yockers and Mitchell, although the Complaint states that the action is brought against them in their individual and official capacities, the Complaint describes only official acts of these defendants.  Defendant Schmidt is the judge who presided over the child custody proceedings in Shawnee County, and defendant Yockers is the Administrative Hearing Officer in that same case.  Defendants Schmidt and Yockers are endowed with absolute judicial immunity from civil damage liability for acts performed in their  judicial capacity.[18]  A judge is entitled to immunity even a judge's decision is erroneous, malicious, or in excess of judicial authority.[19]  Instead, immunity is overcome in only two sets of circumstances: (1) a judge is not immune for actions taken outside of the judge's judicial capacity, and (2) a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.[20]

In this case, neither of the two circumstances are alleged to have occurred to strip defendants Schmidt and Yockers of judicial immunity.  "'[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'"[21]  Because Judge Schmidt and Officer Yocker are merely alleged to have taken actions in adjudicating the divorce and assessing child support, their actions are

---

[18]See *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (affirming dismissal of a *pro se* action against state judges based upon judicial immunity, citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)); *DeYoung v. State of Kansas*, 890 F. Supp. 949, 953 (D. Kan.  1995), *aff'd*, 69 F.3d 547 (10th Cir. 1995) (dismissing *pro se* complaint against district court judge based upon judicial immunity), *cert. denied*, 517 U.S. 1236 (1996).

[19]*Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990).

[20]*Id.* (citing *Forrester v. White*, 484 U.S. 219, 227–229, 356–357 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

[21]*Id.* (quoting *Stump*, 435 U.S. at 362).

judicial in nature, and thus cloaked with absolute judicial immunity.[22]

The Complaint also fails to state a claim against defendant Mitchell, the lawyer who represented defendant Francheska Lamb in the divorce and child custody proceedings.  The only proper defendants in a § 1983 claim are those who represent the State in some capacity, whether they act in accordance with their authority or misuse it.[23]  It is plaintiff's burden to plead, and ultimately establish, the existence of a nexus between the defendant's conduct and the defendant's "badge" of State authority in order to demonstrate action was taken "under color of state law."[24]  Plaintiffs' Complaint contains no factual allegations that Mitchell was acting under authority of State law.  Because Mitchell is not a State official or person acting under the color of State law subject to suit under § 1983, the Complaint fails to state a claim against Mitchell.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **DISMISSED** *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED**.

Dated this _22nd___ day of September 2006.


 S/ Julie A. Robinson_____
Julie A. Robinson
United States District Judge


Memorandum Order of Dismissal in *Hunt v. Lamb, et al.*, No. 06-4083-JAR.

---

[22]*Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

[23]*Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

[24]*Id*. at 494.

8